**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 8 2022

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS,

JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JANE DOE 1, JANE DOE 2          **PLAINTIFFS**
and JANE DOE 3

v.                    CASE NO. 2:22-CV-12-BSM

CITY OF HELENA-WEST HELENA, ARKANSAS                    **DEFENDANT**

### NOTICE OF REMOVAL

COMES NOW the Defendant, City of Helena-West Helena, Arkansas, by and through

undersigned counsel, and for its Notice of Removal, state as follows:

1.    Plaintiffs' filed their Complaint on or about December 14, 2021, in the Circuit

Court of Phillips County, Case No. 54CV-2021-190-1, and on or about December 21, 2021 an

Amendment to Class Action Complaint. Defendant named was the City of Helena-West Helena.

2.    Defendant has filed an Answer to the Complaint and Amendment to Class Action

Complaint on January 14, 2022. Defendant has simultaneously filed a Notice of Parties and State

Court of Removal with the Circuit Court of Phillips County, Arkansas, pursuant to 28 U.S.C.

§1446(d).

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

3.    Plaintiffs' Complaint and Amendment to Class Action Complaint allege violations

pursuant to the 29 U.S.C. §201, et. seq, ("FLSA") as well as procedural and due process violation

and violations of state tort law. Plaintiffs' request the following relief: a declaratory judgment

declaring that the City has willfully, unreasonably, wrongfully, and without good faith, violated

its statutory and legal obligations, and deprived Plaintiffs' of their rights, protections, and

entitlements under federal law and an order for a complete and accurate accounting of all the compensation to which Plaintiffs' are entitled. Plaintiffs' also request judgment in their favor awarding Plaintiffs' monetary damages in the form of three (3) years back pay compensation and liquid damages and judgment against the City for treble damages, as well as attorney's fees.

4.      28 U.S.C. §1441(a) allows a defendant to remove civil actions from state to federal court when such actions are within the original jurisdiction of the federal court. Original federal question jurisdiction is vested in the federal courts under 28 U.S.C. §1331 regarding cases "arising under" the Constitution and laws of the United States, regardless of the amount of controversy. This Court has both original and removal jurisdiction over causes of actions authorized by federal law. Plaintiffs' Complaint clearly states a claim that arises under a federal statutory act. Thus, original federal jurisdiction is vested pursuant to 28 U.S.C. §1331 and removal is proper under the federal removal statutes.

5.      Venue is proper in this Court.

6.      A true and correct copy of the pleadings served on Defendant is attached hereto as Exhibits "A" and "B" and incorporated herein by this reference, these constituting all processes, pleadings and orders which have been served on the Defendant.

7.      The Answer filed on behalf of Defendant is also attached hereto as Exhibit "C" and incorporated herein by reference for the convenience of the Court.

8.      Pursuant to 28 U.S.C. §1448, Defendant hereby gives notice of the removal of this action from the Circuit Court of Phillips County, Arkansas, to the United States District Court of the Eastern District of Arkansas.

WHEREFORE, Defendant prays that this action be removed from the Circuit Court of Phillips County, Arkansas to the United States District Court for the Eastern District of Arkansas, in accordance with 28 U.S.C. §1331, §1441 and §1446, and for all other just and proper relief to which Defendant is entitled.

Respectfully Submitted,

City of Helena-West Helena
**DEFENDANT**

By: _____

R. Justin Eichmann
Arkansas Bar. No. 2003145
Thomas N. Kieklak
Arkansas Bar. No. 92262
Attorneys for Defendant
4710 S. Thompson, Suite 102
TELEPHONE: (479) 751-6464
FACSIMILE: (479) 751-3715
jeichmann@arkansaslaw.com
tkieklak@arkansaslaw.com

## CERTIFICATE OF SERVICE

I, R. Justin Eichmann, do hereby certify that on the 14th day of January, 2022, a true and correct copy of the above and foregoing was transmitted to counsel listed below via email transmission followed by United States Mail:

James F. Valley
J. F. VALLEY, ESQ., P.A.
423 Rightor Street
Helena-West Helena, Arkansas 72342
TELEPHONE: (870) 619-1750
EMAIL: james@jamesfvalley.com

_____

R. Justin Eichmann

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
### CIVIL DIVISION

**JOHN DOE 1, JOHN DOE 2,**
**JOHN DOE 3, JANE DOE 1 AND**
**JANE DOE 2.**

**VS.**          CASE NO.: 54CV-2021-_190_

**CITY OF HELENA-WEST HELENA, ARKANSAS**

FILED
At 3:34 O'clock P M

DEC 1 4 2021

CHASITY DEISCH
PHILLIPS COUNTY CIRCUIT CLERK
By _____ D.C.

### CLASS ACTION COMPLAINT

1. The Plaintiffs acting on their own behalf and on behalf of all other employees, staff members and persons on the city's payroll similarly situated to the Plaintiffs, pursuant to Ark. R. Civ. P. 23, and pursuant to 28 U.S.C. §§ 2201 and 2202, and pursuant to 29 U.S.C. § 201, et. Seq., bring this cause of action against the City of Helena-West Helena, Arkansas, Defendant, and state as follows:

2. Concurrent jurisdiction of this action is conferred on this court by Ark. Code Ann. § 28 U.S.C. § 1331, 29 U.S.C. §216(b); and 28 U.S.C. § 1337. This court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 207 et. Seq. Venue lies within this district pursuant to 28 U.S.C. §1391.

### PARTIES

3. Plaintiffs are current employees of the City of Helena West Helena, Arkansas seeking relief on behalf of themselves and the others covered by the enabling resolution passed by the city council of the City of Helena-West Helena, Arkansas. Plaintiffs are listed as John and Jane Does in order to avoid any retaliation by or from the City of Helena-



EXHIBIT
A

West Helena, Arkansas for them bringing this action. The Plaintiffs have each and all individually retained counsel and will fully participate in this litigation as they are required by law including appearance at depositions, hearings or a jury trial. Plaintiffs are each and all local residents, citizens and taxpayers. Several of the Plaintiffs are registered voters. All of the Plaintiffs claim Helena-West Helena, Arkansas as their domicile and residence.

4. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals, who are non-exempt City employees due compensation under the FLSA. Plaintiffs also bring this action on behalf of all parties covered by the City's enabling resolution through the payments should have been made to the Plaintiffs and other similarly situated individuals.

5. Those individuals constitute a well-defined community of interest in the questions or law and fact in this case. The claims of the represented Plaintiffs are typical of the claims of those similarly situated. Thus, the named Plaintiffs will fairly and adequately reflect and represent the interests of those similarly situated and have retained counsel competent and experienced litigation of this nature.

6. There is no conflict as to the individually named Plaintiffs and other members of the class with respect to this action or with respect to claims for relief set forth herein.

7. Defendant City of Helena-West Helena, Arkansas is a political subdivision of the State of Arkansas, an "employer" within the meaning of 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. §203(r), and a "public agency" within the meaning of 29 U.S.C. § 203(x), and employed the Plaintiffs.

8. Defendant has failed and refused to pay the Plaintiffs monies due to them as past due compensation for work during the COVID-19 Pandemic over a period of 91 weeks. The

City Council passed a resolution declaring and enabling the payments due to each and all of the plaintiffs and similar situated persons in the amount of Five Thousand Dollars ($5,000.00). Defendants have now refused to tender payment to the Plaintiffs.

9.  The Plaintiffs in this action, while employed by the City, have been "employees" within the meaning of 29 U.S.C. § 203(e)(1) within the last three years and, thus, entitled to the rights, protections, and benefits under the FLSA.

10. Plaintiffs are informed and believe, and thereon allege, that Defendant and its agents and/or representatives willfully and knowingly violated FLSA by failing to pay to the plaintiffs and others similarly situated the remuneration set forth thin the enabling resolution passed by the city council which became effective after the mayor did not veto the resolution.

11. Defendant's continuing failure to properly compensate Plaintffs and similarly situated individuals is not in good faith and a willful violation of the FLSA as it applies to local governments.

12. As a result of the foregoing violations of FLSA, Plaintiffs seek damages for uncompensated regular pay, interest thereon, liquidated damages, costs of suit and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## FIRST COUNT

13. The City has violated 29 U.S.C. § 207 by failing to accurately calculate Plaintiffs' Regular Rate and Overtime Rate of Compensation. The City has also failed to pay earned wages which have been declared due and payable to the Plaintiffs and other similarly situated individuals by order, resolution, motion or ordinance of the City Council of the City of Helena-West Helena, Arkansas which was passed into law and not vetoed by the Mayor within the time or in the manner prescribed by law for such

actions.

14. Plaintiffs hereby incorporate by reference paragraphs 1 through 13 in their entirety and restate them here.

15. At all times material herein, Plaintiffs and similarly situated individuals have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, et. Seq.

16. During the times where Plaintiffs and similarly situated individuals have worked hours in excess of their regular schedules, they have been entitled to overtime compensation at a rate of one and one-half times their regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. § 207, 29 C.F.R. § 553.230.

17. The "regular rate" of pay of pay from which the premium overtime rate of pay for Plaintiffs and similarly situated individuals is derived must include "all remuneration for employment." 29 U.S.C. 207(e).

18. The City has, at all times material herein, failed and refused to provide Plaintiffs and similarly situated individuals with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include "all remuneration for employment."

19. The City's refusal to provide overtime pay at the proper rate to Plaintiffs and similar situated individuals for the hours they have worked in excess of regular schedules wrongly deprives Plaintiffs and similarly situated individuals of the FLSA overtime compensation that is due to them at times material herein.

20. At all relevant times, the City has been aware of the provisions of the FLSA. The City's actions and omissions as alleged herein were knowing, willful, bad faith and reckless violations of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

21. As a result of the aforesaid willful violations of the FLSA, overtime compensation has

been unlawfully withheld by the City from the Plaintiffs and similarly situated individuals for which the City is liable pursuant to 29 U.S.C. § § 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorney's fees and the costs of this action.

22. The employment and work records for the Plaintiffs and those individuals who are similarly situated are in the exclusive possession, custody and control of the City, and the Plaintiffs are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

## SECOND COUNT

23. Plaintiffs hereby incorporate by reference paragraphs 1 through 22 in their entirety and restate them here.

24. The City has unjustly and without cause taken the property of the Plaintiffs and other similarly situated individuals in violation of their right to possession and enjoyment of their own personal property.

25. Because the city has taken this property without providing notice, a hearing or any form of procedural or substantive due process, this is an unlawful governmental taking of personal property and the City should be order to pay appropriate damages to the Plaintiffs and other similarly situated individuals

## THIRD COUNT

26. Plaintiffs hereby incorporate by reference paragraphs 1 through 25 in their entirety and restate them here.

27. That the City has tortiously converted the property of the Plaintiffs and other similarly

situated individuals by taking control over the monies and refusing to delivery the monies which are past due to the Plaintiffs and similarly situated individuals.

28. The City, acting through its mayor, has converted the property of the Plaintiffs and other similarly situated individuals to its own use and purposes. The City has designated the monies as past due earnings for work during the pandemic between February 2020 and October 2021.

29. The City, at all times material herein, has and is exercising control over monies to the exclusion and in defiance of the Plaintiffs and other similarly situated individuals rights to possession of their own past due earnings.

30. That the City must be required to pay treble (three times) damages to the Plaintiffs and other similarly situated individuals for its unlawful conversion of property for its own purposes.

31.

**WHEREFORE,** Plaintiffs and those individuals who are similarly situated request from the Court the following relief:

1. A declaratory judgment declaring that the City has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

2. An order for a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

3. Judgment against the City awarding Plaintiffs monetary damages in the form of three (3) years' back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

4. Judgment against the City for treble damages (three times) for the conversion of personal property;

5. An award of reasonable attorney's fees, as well as costs and disbursement of this

action; and

6. An award granting such further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully request a trial by jury on all claims in this Complaint.

Dated:                    December 14, 2021          J. F. VALLEY, ESQ., P. A.

BY:    _____

JAMES F. VALLEY
AR BAR 96052
ATTORNEYS FOR THE PLAINTIFFS
P O Box 451
423 Rightor Street
Helena-West Helena, AR 72342
(870)619-1750 Telephone
(870)619-1760 Facsimile
james@jamesfvalley.com Email

12/21/2021    16:12 Law Office                                    (FAX)8703388030        P.001/002

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
### CIVIL DIVISION

**JOHN DOE 1, JOHN DOE 2,**
**JOHN DOE 3, JANE DOE 1 ,JANE DOE 2,**
**and JANE DOE 3**

**FILED**
At H:15 ___O'clock___M

DEC 2 1 2021

CHASITY DEISCH
PHILLIPS COUNTY CIRCUIT CLERK
By_____ D.C.

**VS.**            **CASE NO.: 54CV-2021-190-1**

**CITY OF HELENA-WEST HELENA, ARKANSAS**

### AMENDMENT TO CLASS ACTION COMPLAINT

1. The Plaintiffs adopt all of the averments in the the complaint as if retyped line for line and restated word for word.

2. That the additional plaintiff is Jane Doe 3 and she is an elected official with the City of of Helena-West Helena, Arkansas and joins in the original complaint individually and on behalf of other similarly situated individuals.

***WHEREFORE***, Plaintiffs and those individuals who are similarly situated request from the Court the following relief:

1. A declaratory judgment declaring that the City has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

2. An order for a complete and accurate accounting of all the compensation to which Plaintiffs are entitled;

3. Judgment against the City awarding Plaintiffs monetary damages in the form of three (3) years' back pay compensation, liquidated damages equal to his/her unpaid

Page -1- of -2-



EXHIBIT
B

compensation, plus pre-judgment and post-judgment interest;

4. Judgment against the City for treble damages (three times) for the conversion of personal property;

5. An award of reasonable attorney's fees, as well as costs and disbursement of this action; and

6. An award granting such further relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully request a trial by jury on all claims in this Complaint.


Dated:            December 20, 2021        J. F. VALLEY, ESQ., P. A.

                                           BY:

                                           JAMES F. VALLEY
                                           AR BAR 96052
                                           ATTORNEYS FOR THE PLAINTIFFS
                                           P O Box 451
                                           423 Rightor Street
                                           Helena-West Helena, AR 72342
                                           (870)619-1750 Telephone
                                           (870)619-1760 Facsimile
                                           james@jamesfvalley.com Email

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
## CIVIL DIVISION

**JOHN DOE 1, JOHN DOE 2,**
**JOHN DOE 3, JANE DOE 1,**
**JANE DOE 2 and JANE DOE 3**                                    **PLAINTIFF**


**v.**                              **CASE NO. 54CV-21-190**


**CITY OF HELENA-WEST HELENA, ARKANSAS**                **DEFENDANT**


## ANSWER TO COMPLAINT AND AMENDMENT TO CLASS ACTION COMPLAINT

COMES NOW, the Defendant, City of Helena-West Helena, Arkansas, by and through undersigned counsel, and for its Answer to the Complaint and Amendment to Class Action Complaint, states as follows:

### COMPLAINT

1.      Paragraph 1 of the Plaintiffs' Complaint contains conclusions of law and, therefore, no response is necessary. To the extent that a response is deemed necessary, Defendant acknowledges that Plaintiff bringing forth claims pursuant to Ark. R. Civ. P. 23, and pursuant to 28 U.S.C. 2201 and 2202 and 29 U.S.C. § 201, et seq., the "Fair Labor Standards Act." Defendant denies that the Plaintiffs have a viable cause of action for any alleged claims due to their full and complete denial of any and all wrongdoing alleged.

2.      The allegations contained in Paragraph 2 are jurisdictional in nature, and therefore, no response is required. To the extent a response is required, Defendant denies any and all allegations.

1

**EXHIBIT**

**C**

3.      Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 3 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

4.      Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 4 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

5.      Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 5 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

6.       Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 6 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

7.      Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 7 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

8.      Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 8 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

9.      Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 9 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

10.    Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 11 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

12.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 12 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

13.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 13 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

14.    Paragraph 14 of the Complaint incorporates the previous allegations, therefore no response is required.  To the extent a response is required, any and allegations contained in Paragraph 14 of the Complaint are denied.

15.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 15 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

16.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 16 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

17.    Paragraph 17 contains conclusions of law, therefore no response is required.  To the extent a response is required, any and all allegations contained therein are denied.

3

18.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 18 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

19.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 19 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 21 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

22.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 22 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

23.     Paragraph 23 of the Complaint incorporates the previous allegations, therefore no response is required.  To the extent a response is required, any and allegations contained in Paragraph 23 of the Complaint are denied.

24.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 24 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

25.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 25 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

26.    Paragraph 26 of the Complaint incorporates the previous allegations, therefore no response is required.  To the extent a response is required, any and allegations contained in Paragraph 26 of the Complaint are denied.

27.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 27 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

28.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 28 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

29.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 29 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

30.    Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 30 of the Complaint. To the extent a response is required, Defendant denies any and allegations.

31.    Paragraph 31 is blank and contains no allegations, therefore no response is required. To the extent a response is required, any and all allegations contained therein are denied.

5

32.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in the WHEREFORE clause of the Complaint. To the extent a response is required, Defendant denies any and allegations.

33.     Defendant joins Plaintiffs in requesting trial by jury on any material facts remaining at the time of trial.

**AMENDMENT TO CLASS ACTION COMPLAINT**

1.     Paragraph 1 of the Amendment to the Class Action Complaint incorporates the previous allegations of the Complaint, therefore no response is required.  To the extent a response is required, any and allegations contained in Paragraph 1 of the Amendment to the Class Action Complaint are denied.

2.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in Paragraph 2 of the Amendment to Class Action Complaint. To the extent a response is required, Defendant denies any and allegations.

3.     Defendant states that Plaintiffs have improperly withheld their names from this lawsuit, therefore it is not possible to affirm or deny the allegations contained in the WHEREFORE clause of the Complaint. To the extent a response is required, Defendant denies any and allegations.

4.     Defendant joins Plaintiffs in requesting trial by jury on any material facts remaining at the time of trial.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint and Amendment to Class Action Complaint fails to conform with the requirements of Ark. R. Civ. P. 17 that every action shall be prosecuted in the name of the real party in interest, and Ark. R. Civ. P. 10(a) which requires the caption of the case to set forth the name of all parties of the action.

2.      Defendant avails itself of all applicable affirmative defenses set forth in Ark. R. Civ. P. 8(c).

3.      The allegations of the Complaint and Amendment to Class Action Complaint fail to state facts or a claim upon which relief may be granted.

4.      Defendant is entitled to statutory immunity pursuant to Ark. Code Ann. § 21-9-301.

5.      Defendant avails itself of any and all state and federal immunities, including but not limited to, absolute, qualified, sovereign and good faith immunities.

6.      Defendant asserts that it did not violate Plaintiffs' rights.

7.      Plaintiffs have failed to avail themselves of all of the administrative remedies available to them.

8.      To the extent deemed applicable, Plaintiffs' claims may be barred, in whole or in part, by the statute of limitations.

9.      Defendant is entitled to tort and punitive damages immunities.

10.     Defendant asserts that punitive damages are not recoverable against a municipality.

11.     Defendant asserts that any actions taken by Defendant was lawful and legitimate.

12.     Defendant reserves the right to plead further herein, including with additional affirmative defenses, as may become necessary.

WHEREFORE, Defendant prays that the Complaint and the Amendment to Class Action Complaint herein be dismissed and for all other relief to which there is entitlement.

Respectfully Submitted,

City of Helena-West Helena
**DEFENDANT**

By:     /s/ R. Justin Eichmann
R. Justin Eichmann
Arkansas Bar. No. 2003145
Thomas N. Kieklak
Arkansas Bar. No. 92262
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
TELEPHONE: (479) 751-6464
FACSIMILE: (479) 751-3715
jeichmann@arkansaslaw.com
tkieklak@arkansaslaw.com

## CERTIFICATE OF SERVICE

I, R. Justin Eichmann, hereby certify that on January 14, 2022, a true and correct copy of the above and foregoing was filed with the Clerk of Court via electronic filing and notice of same has been sent to the attorney of record listed below:

James F. Valley
J. F. VALLEY, ESQ., P.A.
423 Rightor Street
Helena-West Helena, Arkansas 72342
TELEPHONE: (870) 619-1750
EMAIL: james@jamesfvalley.com

/s/ R. Justin Eichmann
R. Justin Eichmann